J-S48026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK CATHELL | : | |
| | : | |
| Appellant | : | No. 3496 EDA 2017 |

Appeal from the PCRA Order October 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1200291-1997

BEFORE: DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 31, 2018**

Erik Cathell (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant was charged with the fatal shooting of William Jamarr Phillips (victim). The case proceeded to a bench trial in April of 1999.[1] We recount the trial evidence consistent with our disposition of Appellant's direct appeal. ***See Commonwealth v. Cathell***, 345 EDA 2005 (unpublished memorandum) at 2-5 (Pa. Super. Apr. 25, 2005).

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The trial judge presided over Appellant's first PCRA petition; two different judges presided over Appellant's second and third PCRA petitions.

On August 11, 1997, Appellant was with three men at the corner of 54th and Jefferson Streets in Philadelphia, sitting on a car, drinking beer, and smoking marijuana. The victim approached and asked Appellant if he could enter Appellant's nearby home, and Appellant told him to get the keys from Appellant's mother. After the victim left, Appellant fell off the car. One of the men insinuated that Appellant may be intoxicated, and in response, Appellant stated that he could shoot the stop sign at the corner of 55th and Jefferson Streets. Appellant pulled a firearm from his waistband and fired three shots toward the stop sign. The victim then ran toward the group from the intersection at 55th & Jefferson Streets and collapsed. Appellant ran to the victim, and he and another man placed the victim in a car that took the victim to the hospital. The victim died from a gunshot wound to the chest.

The victim's mother, Shirley Phillips, testified that on the day before the shooting, she observed Appellant confront the victim about missing drugs, and saw Appellant strike the victim in the face. Lisa Griffin testified that she was sitting on her front porch at the time of the shooting. After the shooting, Griffin saw Appellant walking from the scene with two men, and from a distance of two feet, overheard Appellant tell the other men, "[H]e should not have crossed me." *Cathell*, 345 EDA 2005 at 4.

Appellant testified in his own defense, denying that he had any intention of shooting the victim. Instead, he maintained that he shot at the stop sign to demonstrate that he was not high, and that when he realized he shot the

victim, he rushed to help him. Appellant also denied fighting with the victim the previous day or saying anything in the presence of Griffin.

The trial court found Appellant guilty of first-degree murder, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime. On June 9, 1999, the trial court sentenced him to an aggregate term of life imprisonment and a consecutive 6 to 12 years' imprisonment.

Appellant took a direct appeal. This Court affirmed his judgment of sentence in part and vacated it in part; we rejected his claims but *sua sponte* addressed an illegal sentencing issue (not relevant in this appeal) and remanded for resentencing. **Cathell**, 345 EDA 2003. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied. **Commonwealth v. Cathell**, 296 EAL 2005 (Pa. Dec. 14, 2005).

The trial court conducted re-sentencing on March 13, 2006, and imposed the same aggregate sentence. Appellant did not appeal. Thus, for PCRA purposes, Appellant's judgment of sentence became final 30 days later, on April 12, 2006, and the general one-year period for filing a PCRA petition ended on April 12, 2007. **See** 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.Crim.P. 720(A)(3).

Appellant filed a timely first PCRA petition on April 27, 2006, which the PCRA court denied. On appeal, this Court affirmed, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

*Commonwealth v. Cathell*, 3123 EDA 2007 (unpublished memorandum) (Pa. Super. Dec. 2, 2008), *appeal denied*, 686 EAL 2009 (Pa. Aug. 5, 2009). Appellant filed a second PCRA petition on July 13, 2011, which the PCRA court dismissed as untimely. Again, this Court affirmed. *Commonwealth v. Cathell*, 2722 EDA 2012 (unpublished memorandum) (Pa. Super. June. 28, 2013).

Appellant filed the instant *pro se* PCRA petition, his third, on August 26, 2016, invoking the "newly-discovered evidence" exception to the PCRA's one-year filing requirement.[2] The PCRA court summarized:

> [Appellant] presented a [June 29,] 2016 affidavit from James Freeman, . . . who claimed that the victim's mother, Shirley Phillips, whose relation to him is unspecified, told him in April of 1999 that [Appellant] and her son were not involved in a physical altercation prior to the shooting and that her testimony to the contrary was false. Additionally, according to Freeman, Phillips [admitted that she convinced Lisa Griffin, her childhood friend, that Appellant and her son had problems.]
>
> In addressing the due diligence prong of subsection 9545(b)(1)(ii), [Appellant] claimed that he attempted, through his family, to locate witnesses including Phillips. Additionally, [Appellant] claimed that a prison official ordered him to cease contacting the . . . victim's family. [Appellant further claimed that he "reached out" to Phillips.]

PCRA Court Opinion, 1/2/18, at 4 (citations to record omitted). On June 29, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant filed a *pro se* response, and on October

---

[2] *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

3, 2017, the court dismissed the petition.

Appellant filed a timely notice of appeal. The court did not order Appellant to comply with Pa.R.A.P. 1925(b), but nonetheless issued an opinion on January 2, 2018. Appellant presents two issues:

> [1.] Whether the PCRA court erred by dismissing [Appellant's] PCRA when [the] affidavit in question presented genuine issues of material fact to satisfy the after-discovered facts exception (42 Pa.C.S.A. § 9545(b)(1)(ii)) and is timely fil[ed] within 60 days as required by § 9545(b)(2).
>
> [2.] Whether the PCRA court erred by dismissing [Appellant's] PCRA without an evidentiary hearing, where the affidavit of Mr. James D. Freeman . . . presented genuine issues of material fact to negate the necessary element of intent for first-degree murder.

Appellant's Brief at 4.

In his first issue, Appellant avers that the PCRA court improperly conflated Section 9545(b)(1)(ii) (the newly-discovered evidence exception) and Section 9543(a)(2)(vi) (after-discovered evidence basis for relief). Appellant contends that when considering whether a PCRA petition is timely under the former, the PCRA court does not review the merits of the underlying claim, which is a factor in the latter; Appellant asserts that the PCRA court improperly considered whether Freeman's affidavit — which the court found would be used solely to impeach the credibility of a trial witness — warranted relief. *Id.* at 9-11, *citing Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017); *Commonwealth v. Lambert*, 884 A.2d 848 (Pa. 2005). Appellant maintains that in pleading the newly-discovered evidence exception, he successfully established that the facts upon which his claim was predicated

- 5 -

were unknown and that they could not have been ascertained by the exercise of due diligence. In support, he avers that he "sought to locate witnesses, obtain affidavits, and [reached] out to the [victim's family] every so often by way of letters in an unsuccessful attempt for them to recant their statements." Appellant's Brief at 13. Appellant also states that Phillips complained about Appellant's conduct and the prison "initiated . . . a 'no contact order' dated May 07, 2004." *Id.* Appellant concludes that he did not know of "[t]he exculpatory information" until July 19, 2016, when he received Freeman's affidavit, and that he properly filed his PCRA petition within 60 days thereafter. *Id.* at 14.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). "The PCRA's time restrictions are jurisdictional in nature, and a court may not entertain untimely PCRA petitions." ***Burton***, 158 A.3d at 627. It is undisputed that Appellant's PCRA petition was filed after the general one-year period expired. Rather, the initial question before the PCRA court and this Court is whether Appellant properly invoked the newly-discovered evidence.

A petitioner relying on the newly-discovered exception must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Any petition relying on this

exception must be filed within 60 days of the date could have been presented.

42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has explained:

> [T]he newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Burton**, 158 A.3d at 629 (citations omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id.** at 623. An individual's recantation of prior testimony may qualify as newly-discovered evidence for PCRA purposes. **Commonwealth v. Medina**, 92 A.3d 1210, 1217-1218 (Pa. 2014) (*en banc*).

Here, the PCRA court rejected Appellant's claim that he acted with due diligence:

> Although claiming that he "reached out" to Phillips [and other potential witnesses, Appellant's] description of his investigative efforts lacked detail, temporal specificity, or any corroborating evidence. Thus, his vague account of actions taken during the sixteen years preceding the filing of his petition were insufficient to demonstrate that a statement from Phillips, a known witness

- 7 -

who allegedly divulged her fabrication once in 1999, was unascertainable.

PCRA Court Opinion, 1/2/18, at 4 (citations to record omitted). The court thus found that Appellant failed to meet his burden under Section 9545(b)(1)(ii). *Id.*

While the PCRA court correctly noted that Appellant did not specify how or when he attempted to locate witnesses, we disagree that he failed to show that the newly discovered evidence — Phillips' alleged recantation of her trial testimony to another individual — could not have been ascertained by the exercise of due diligence. *See Burton*, 158 A.3d at 629; *Medina*, 92 A.3d at 1217-1218. According to Appellant, Phillips refused to reply to his communications and in 2004, he was prevented from further contacting her by a "no contact order" issued against him. Accordingly, we hold Appellant properly invoked the newly-discovered evidence exception by averring that he received an affidavit from Freeman, dated June 29, 2016, which set forth facts previously unknown to him. *See id.*

Nevertheless, although Appellant has established that his petition was timely filed, we agree with the PCRA court that he has not presented a basis for relief under Section 9543(a)(2). The PCRA court reasoned:

> Freeman's affidavit would not entitle him to relief. Specifically, even if Freeman's hearsay statement is admissible[FN] 7, its only relevance is in asserting that Phillips and Griffin had lied at trial in order to exact revenge on [Appellant] for killing Phillips' son. Freeman did not claim that he . . . witnessed [either] the shooting or [Appellant's] purported altercation with the victim. [Appellant] failed to acknowledge that evidence used solely to impeach the

credibility of witnesses does not warrant PCRA relief.

_____

[FN] 7 *See Commonwealth v. Yarris*, 731 A.2d 581, 592 (Pa. 1999) (asserting that claims which rest exclusively upon inadmissible hearsay do not warrant relief under the [newly discovered evidence exception of the] PCRA).

PCRA Court Opinion, 1/2/18, at 4 & n.7.

We agree that Appellant's sole purpose for presenting Freeman's affidavit is to impeach the credibility of Phillips' trial testimony. Furthermore, Appellant ignores that at trial, he denied fighting with the victim the day before the shooting or making any comments in Griffin's presence. Thus, Freeman's affidavit would be cumulative of Appellant's trial testimony. Accordingly, Appellant cannot establish that Freeman's affidavit meets the criteria for "after-discovered evidence" that would warrant relief under Section 9543(a)(2)(vi). *See* 42 Pa.C.S.A. § 9543(a)(2)(vi); *Burton*, 158 A.3d at 628.

In his second issue, Appellant claims that the PCRA court erred in dismissing his petition without a hearing. Appellant emphasizes that at trial, the Commonwealth established motive and intent via Phillips' testimony, and reasons that his petition thus raised an issue of material fact, meriting an evidentiary hearing.

This Court has stated:

We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the

- 9 -

record or other evidence. [We] examine each issue raised in the PCRA petition in light of the record . . . to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy[.]

*Miller*, 102 A.3d at 992 (citations omitted).

For the same reasons set forth above, we find no abuse of discretion by the PCRA court in dismissing Appellant's petition without an evidentiary hearing. Freeman's affidavit would have only impeached Phillips' trial testimony, and been cumulative of Appellant's testimony. Thus, Appellant failed to establish there was after-discovered evidence warranting relief — including an evidentiary hearing — pursuant to Section 9543(a)(2)(vi). Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18